UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
                                :
JEAN ELIZABETH CAMPBELL,        :
a/k/a JEAN ELIZABETH DEFREITAS  :
a/k/a JEAN DEFREITAS,           :
                                :
        Petitioner,             :
                                :
v.                              :  Civil No. 3:03CV00591(AWT)
                                :
IMMIGRATION AND NATURALIZATION  :
SERVICES, JOHN ASHCROFT, DORIS  :
MEISSNER, and JOHN P. WEISS,    :
                                :
        Respondents.            :
                                :
--------------------------------x
```

## ORDER DISMISSING PETITION FOR HABEAS CORPUS RELIEF

Petitioner Jean Elizabeth Campbell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking cancellation of her removal order.  The petitioner is making the same claim she made in her prior Motion to Reinstate, which was denied in 2002 in the Northern District of Florida, i.e., that the removal order was wrongfully entered against her by what was then the Immigration and Naturalization Service.  (See Resp't Mem. (Doc. No. 18) Exs. 6,7.)

> The doctrines of res judicata and collateral estoppel are designed to protect "litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552 (1979).  Res judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim

>   was actually litigated. Id. at 326-27 n.5, 99 S. Ct. at
>   649 n.5; see also Balderman v. United States Veterans
>   Admin., 870 F.2d 57, 62 (2d Cir. 1989). Collateral
>   estoppel bars a party from raising an issue of law or
>   fact in a second suit that the party had a "full and fair
>   opportunity to litigate . . . in [a] prior proceeding"
>   and where "the decision of the issue was necessary to
>   support a valid and final judgment on the merits" in the
>   first action. Metromedia Co. V. Fugazy, 983 F.2d 350,
>   365 (2d Cir. 1992).

Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998). Consequently, the Petitioner is barred by the principles of res judicata and collateral estoppel from pursuing that claim in this proceeding, even if she presents it in the form of a petition for habeas corpus relief, as opposed to a motion to reopen her immigration proceedings. Accordingly, her petition should be denied.

    For the reasons set forth above, Respondent's Motion to Dismiss Petition for Habeas Corpus Relief (Doc. No. 17) is hereby GRANTED, and the respondent's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for Cancellation of Removal Order (Doc. No. 1) is hereby DENIED.

    It is so ordered.

    Dated this 30th day of March, 2004, at Hartford, Connecticut.

                                                 /s/
                                   Alvin W. Thompson
                              United States District Judge